**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CARMINE TRENTO<br><br>Plaintiff,<br><br>v.<br><br>FLAGSTAR BANK, FSB, et al.,<br><br>Defendants. | Civil Action No. 17-13185 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Flagstar Bank, F.S.B.'s ("Flagstar") motion to dismiss the second, fifth, sixth, tenth, and eleventh counts of Plaintiff Carmine Trento's ("Plaintiff") Complaint (ECF No. 8) and Defendant Carrington Home Solutions, L.P.'s ("CHS") motion to dismiss the sixth, tenth, and eleventh counts of the Amended Complaint (ECF No. 35).[1] Plaintiff subsequently filed opposition to the motions, a cross-motion to remand and, in the alternative, requested leave to amend. (ECF Nos. 9, 38.) Flagstar and CHS filed replies. (ECF Nos. 10, 42.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiff's cross-motion to remand is DENIED, Flagstar's and CHS's motions to dismiss are GRANTED, and Plaintiff's request for leave to amend is GRANTED.

---

[1] On February 28, 2018, after Flagstar had moved to dismiss, Plaintiff filed an Amended Complaint solely to add a necessary party. (Feb. 2, 2018 Pretrial Scheduling Order, ECF No. 22; *see* Am. Compl., ECF No. 26.) In the Pretrial Scheduling Order, the Court provided that filing of the Amended Complaint shall not affect Flagstar's motion to dismiss or Plaintiff's motion to remand. (*Id.*) Accordingly, because the factual allegations are essentially the same in both the Complaint and Amended Complaint with respect to both Flagstar and CHS, the Court cites to the Amended Complaint.

I.  **Background**[2]

On December 28, 2012, Plaintiff executed a note and mortgage in the acquisition of property located at 18 Orchard Avenue W., Holmdel, New Jersey (the "Property"). (Am. Compl. ¶¶ 9-10.) "At all times material to this action," Plaintiff was the mortgagor, Flagstar was the mortgagee, and Plaintiff has been in full possession and/or occupation of the Property. (Id. ¶¶ 10-11.) On July 17, 2017, Flagstar allegedly requested that "Defendants Carrington Home Solutions, L.P., and/or Qualified Eastern Services, LLC, and/or VZN Properties, and/or Stephanie Grant [("Grant")]" [("Property Management Defendants")] conduct an inspection of the Property and prepare a report. (Id. ¶ 12.) Subsequently, on July 22, 2017, Grant conducted the inspection. (Id. ¶ 13.) Upon completion of the inspection, one, all or some of the Property Management Defendants "erroneously, negligently, intentionally and/or wrongfully" told Flagstar that the Property was vacant and/or abandoned. (Id. ¶ 14.) As a result, Flagstar directed one, all or some of the Property Management Defendants to "re-key" the Property, preventing Plaintiff from access without Plaintiff's consent. (Id. ¶¶ 15-16.)

On August 2, 2017, all or some of the Property Management Defendants entered the property, changed the locks, posted signage indicating that the Property was under CHS's control and management and, allegedly, removed some of Plaintiff's personal items. (Id. ¶¶ 15-17.) On or after that same day, Plaintiff returned to the Property and discovered the notice and that the Property had been "re-keyed." (Id. ¶ 18.) Plaintiff used the services of a locksmith to regain access, realized personal items had been taken and contacted the local police. (Id.) Flagstar had not begun foreclosure proceedings or any other legal action prior to the incident described. (Id. ¶ 19.)

---

[2] For the purposes of this motion to dismiss, the Court accepts as true and summarizes the facts alleged in the Complaint. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

2

On November 9, 2017, Plaintiff filed an action in the Superior Court of New Jersey, Monmouth County. (Compl. 1, ECF No. 1-2.) On December 18, 2017, Flagstar timely removed the case to federal court on the basis of federal question jurisdiction, as the Complaint purports to bring a Fair Debt Collection Practices Act ("FDCPA") claim. (Notice of Removal ¶¶ 4-6, ECF No. 1.)

**II.     Legal Standard**

    **A.     Remand**

A party may remove an action from state court to any federal court in which there is original jurisdiction. 28 U.S.C. § 1441(a). There are two types of original jurisdiction, or subject matter jurisdiction. The first, federal question jurisdiction, exists when a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The second, diversity jurisdiction, is established when the amount in controversy exceeds $75,000 and the parties are of completely diverse citizenship. 28 U.S.C. § 1332. Parties removing an action to federal court, therefore, are tasked with establishing that "[f]ederal subject matter jurisdiction exists and that removal is proper." *Gateway 2000 v. Cyrix Corp.*, 942 F. Supp. 985, 989 (D.N.J. 1996); *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir. 1995); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985).

At all stages of a litigation, the removing party bears the burden of demonstrating that the federal court has subject matter jurisdiction over the action. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Accordingly, when presented with an argument for remand, "the burden of establishing removal jurisdiction rests with the defendant." *Dukes*, 57 F.3d at 359. Removal statutes are strictly construed—when doubt exists as to the propriety of removal, remand is favored. *Carlyle*

*Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015) (citing *Abels*, 770 F.2d at 29).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[T]he plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Kline v. Sec. Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004) (quoting *Caterpillar*, 482 U.S. at 392). A defense to a plaintiff's state law action, therefore, "ordinarily does not appear on the face of the well-pleaded complaint, and . . . usually is insufficient to warrant removal to federal court. *Dukes*, 57 F.3d at 353; *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim.").

B. **Motion to Dismiss**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a

4

claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "[review] the complaint to strike conclusory allegations[.]" *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff[.]" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, however, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

### III. Discussion

#### A. Plaintiff's Cross-Motion to Remand[3]

In his opposition to the Motion to Dismiss, Plaintiff cross-moves to remand the action. (Pl.'s Opp'n Br. 14-19, ECF No. 9.) Plaintiff explicitly acknowledges and cites case law to

---

[3] The Court recognizes that the Amended Complaint and the Complaint at the time of removal set forth claims under state and federal law. Plaintiff states that he would withdraw the FDCPA claim to support remanding the case to state court. (Pl.'s Flagstar Opp'n Br. 6.) Nevertheless, "the act of not including the previously-asserted federal-law claims in [an] amended complaint does not divest this court of subject-matter jurisdiction over this action. Instead, 'subject[-]matter jurisdiction is to be determined from the face of the complaint and on the basis of the record in the state court, at the time the petition for removal is presented.'" *Hartman v. Cadmus-Cenveo Co.*, 2014 WL 4662499, at *4 (E.D. Pa. Sept. 19, 2014) (quoting *Westmoreland Hosp. Ass'n v. Blue Cross of Western Pa.*, 605 F.2d 119, 124 (3d Cir. 1979)); *see also Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (explaining that when "[r]uling on whether an action should be remanded to the state court from which it was removed, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed"). If Plaintiff withdraws the FDCPA claim but the parties continue to assert that the federal claim is the basis for jurisdiction, the Court may order the parties to show cause as to why the Court should exercise supplemental jurisdiction over the remaining claims.

support the proposition that "the assertion of a single claim founded under Federal Statute . . . is sufficient upon which to base federal subject matter jurisdiction." (*Id.* at 15.) Plaintiff, however, states that the FDCPA claim is an alternative theory of liability and "tangential to the primary thrust of Plaintiff's Complaint" such that federal jurisdiction is inappropriate. (*Id.* at 15-16.) Flagstar contests these assertions in its reply, stating that a claim pursuant to a federal statute was affirmatively pled on the face of the Complaint and is a proper basis for jurisdiction. (Def.'s Reply Br. 4-5, ECF No. 16.) The Court agrees—this Court would have had original jurisdiction over the FDCPA claim and, therefore, removal is proper. Plaintiff's cross-motion to remand is denied.

**B.    Flagstar's and CHS's Motions to Dismiss**

   **i.    Count Two: Breach of the Implied Covenant of Good Faith and Fair Dealing**

New Jersey law provides that every contract contains an implied covenant of good faith and fair dealing. *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs.*, 864 A.2d 387 (2005). "The covenant of good faith and fair dealing calls for parties to a contract to refrain from doing anything which will have the effect of destroying or injuring the right of the other party to receive the benefits of the contract." *Bonnieview Homeowners Ass'n, LLC v. Woodmont Builders, L.L.C.*, 655 F. Supp. 2d 473, 510 (D.N.J. 2009) (quoting *Brunswick Hills*, 182 N.J. at 224). "A party breaches the covenant if it acts in bad faith or engages in some other form of inequitable conduct in the performance of a contractual obligation." *Black Horse Lane Ass'n, L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 288 (3d Cir. 2000) (citing *Sons of Thunder v. Borden, Inc.*, 690 A.2d 575, 589 (N.J. 1997)). Here, Plaintiff has failed to allege that Flagstar acted with ill will or an improper motive during the events at issue, but merely acted on inaccurate information. Plaintiff, accordingly, has failed to state a claim against Flagstar for

breach of the implied covenant of good faith and fair dealing and Count Two of the Amended Complaint is dismissed without prejudice.

### ii. Count Five: Negligence

"The economic loss doctrine prohibits a party from recovering in tort for economic injuries that the party is only entitled to because of a contract." *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 308 (D.N.J. 2009). "[A] tort claim arising from breach of a duty owed only because of a contract rather than by law is barred." *Call v. Czaplicki*, No. 09-6561, 2010 U.S. Dist. LEXIS 75916, at *20 (citing *Saltiel v. GSI Consultants, Inc.*, 788 A.2d 268, 280 (D.N.J. 2002)). Here, Plaintiff merely alleges that Flagstar failed to exercise reasonable care in hiring and supervising third party contractors, who allegedly entered into Plaintiff's property without proper authorizations. (Compl. ¶ 37.) Plaintiff, however, has failed to allege that Flagstar owes Plaintiff an independent duty that is separate from its contractual duty as mortgagee. Count Five of Plaintiff's Amended Complaint is, therefore, dismissed without prejudice.

### iii. Count Six, NJCFA

New Jersey law provides:

> [t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise . . . whether or not any person has in fact been misled, deceived or damaged thereby is . . . an unlawful practice.

N.J.S.A. § 56:8-2. To bring an action under the New Jersey Consumer Fraud Act ("NJCFA"), a plaintiff must allege three elements: (1) unlawful conduct by the defendants; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss. *N.J. Citizen Action v. Schering-Plough Corp.*, 842 A.2d 174, 176 (N.J. App. Div. 2003). There are three general categories of unlawful conduct:

affirmative acts, knowing omissions, and violation of regulations promulgated under N.J.S.A. §§ 56:8-2, 56:8-4. *Harnish v. Widener Univ. Sch. of Law*, 931 F. Supp. 2d 641, 648 (D.N.J. 2013) (citing *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462 (N.J. 1994)). To the extent that Plaintiff claims fraud or misrepresentation, NJCFA claims are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *FDIC v. Bathgate*, 27 F.3d 850, 876 (3d Cir. 1994).

Here, although unclear from the Amended Complaint, it appears that Plaintiff bases his NJCFA claim on the theory that Defendants' acts constitute an unconscionable commercial practice. (*See* Pl.'s Flagstar Opp'n Br. 29, ECF No. 10-1; Pl.'s CHS Opp'n Br. 23, ECF No. 38.) Whether something is an unconscionable commercial practice is usually a question for a jury. *See Hassler v. Sovereign Bank*, 644 F. Supp. 2d 509, 514 (D.N.J. 2009). "Nonetheless, in recognition of the fact that the capacity to mislead . . . is the prime ingredient of all types of consumer fraud [under the CFA] . . . courts have dismissed CFA complaints for failure to state a claim where plaintiffs have failed to allege that the defendant engaged in conduct that could be considered misleading within the meaning of the Act." *Ciser v. Nestlé Waters N. Am., Inc.*, No. 11-5031, 2013 U.S. Dist. LEXIS 152815, at *13 (D.N.J. Oct. 24, 2013) (quoting *Hassler*, 644 F. Supp. 2d at 514); *see also Fenwick v. Kay Am. Jeep. Inc.*, 371 A.2d 13, 16 (N.J. 1977) ("[t]he capacity to mislead is the prime ingredient of deception or an unconscionable commercial practice.") Plaintiff, however, merely alleges that the Property Management Defendants entered the premises without permission, "erroneously, negligently, intentionally and/or wrongfully" told Flagstar that the property was vacant and/or abandoned (*id.* ¶ 14), and Flagstar directed one, all or some of the Property Management Defendants to "re-key" the Property based on that information (*id.* ¶¶ 15-16). The Complaint fails to allege any misleading conduct as to Flagstar.

As to CHS, it does not appear from the pleadings that its services are covered by the NJCFA. "[T]he [NJ]CFA seeks to protect consumers who purchase 'goods or services generally sold to the public at large.'" *Cetel v. Kirwan Fin. Grp., Inc.*, 460 F.3d 494, 514 (quoting *Marascio v. Campanella*, 689 A.2d 852, 857 (N.J. Super. Ct. App. Div. 1997). "[T]he entire thrust of the Act is pointed to products and services sold to consumers in the popular sense." *Id.* (quoting *Arc Networks, Inc. v. Gold Phone Card Co.*, 756 A.2d 636, 637 (N.J. Super. Ct. App. Div. 2000)) (internal quotations omitted). The NJCFA's "applicability is limited to consumer transactions which are defined both by the status of the parties and the nature of the transaction itself." *Id.* (quoting *Arc Networks, Inc.*, 756 A.2d at 637). Here, Plaintiff's only allegation is that CHS is "in the business of providing lenders, servicers, and asset managers across the nation inspection, property preservation, and monthly maintenance to their properties. (Am. Compl. ¶ 5.) Thus, as pled, Plaintiff has not adequately alleged an NJCFA claim against CHS. Accordingly, Count Six of the Amended Complaint fails to state a claim and is dismissed without prejudice.

### iv. Count Ten: Fair Foreclosure Act

The New Jersey Fair Foreclosure Act ("NJFFA") does not provide for a private right of action. *Martino v. Everhome Mortg.*, 639 F. Supp. 2d 484, 491 n.13 (D.N.J. 2009); *Tirri v. Flagship Resort Dev. Corp.*, No. 16-1771, 2016 U.S. Dist. LEXIS 144936, at *13 (D.N.J. Oct. 19, 2016) (citing *Rickenbach v. Wells Fargo Bank, N.A.*, 635 F. Supp. 2d 389, 399 (D.N.J. 2009)); *Wilson v. Deutsche Bank Nat'l Trust Co.*, No. A-3327-12T3, 2014 N.J. Super. Unpub. LEXIS 996, at *11 (N.J. Super. App. Div. May 2, 2014); *Deutsche Bank Nat'l Trust Co. v. Mazzella*, No. A-1776-11T1, 2013 N.J. Super. Unpub. LEXIS 1956, at *11 (N.J. Super. App. Div. Aug. 6, 2013). The NJFFA is "essentially a notice provision, which provides specific

guidance to residential mortgage lenders on the steps necessary to foreclose." *Whittingham v. Am. Mortg. Elec. Registration Servs., Inc.*, No. 06-3016, 2007 WL 1456196, at *5 (D.N.J. May 15, 2007). Here, Plaintiff has failed to provide any case law to support the contention that the NJFFA provides a private right of action. Count Ten of Plaintiff's Amended Complaint is, accordingly, dismissed with prejudice.

### v. Count Eleven, FDCPA

To state a claim under the FDCPA, a plaintiff must establish that:

> (1) he or she is a "consumer" who is harmed by violations of the FDCPA; (2) the "debt" arises out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a "debt collector"; and (4) the defendant has violated, by act or omission, a provision of the FDCPA.

*Grant v. JPMorgan Chase Bank, N.A.*, No. 12-06248, 2013 WL 1558773, at *2 (D.N.J. Apr. 10, 2013) (quoting *Berk v. JPMorgan Chase Bank, N.A.*, No. 11-2715, 2011 WL 4467746, at *3 (E.D. Pa. Sept. 26, 2011) (citing 15 U.S.C. §§ 1692a-o)). The FDCPA defines a "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692(a)(6).

A threshold requirement for application of the FDCPA "is that the prohibited practices are used in an attempt to collect a 'debt.'" *Zimmerman*, 834 F.2d at 1167. Additionally, the provisions of the FDCPA are generally applied only to "debt collectors." *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000). The statute "does not apply to persons or businesses collecting debts on their own behalf." *Staub v. Harris*, 626 F.2d 275, 277 (3d Cir.

1980). "Creditors—as opposed to 'debt collectors'—generally are not subject to the FDCPA." *Pollice,* 225 F.3d 379 at 403.

First, the Court notes that Plaintiff fails to identify the provision of the FDCPA under which he is bringing a claim. (*See* Am. Compl. ¶¶ 56-59 ("Violation of 50 U.S.C. § 1691, et seq.").) Second, Plaintiff fails to sufficiently plead that the activities at issue were an attempt to collect a debt. In his briefing, Plaintiff states that "Plaintiff was, admittedly in arrears on the payment of his mortgage with Flagstar" and the acts at issue "were in furtherance of said Defendants attempts or desire to compel or force the Plaintiff to pay sums due on the mortgage aforesaid (i.e. collect said debt)." (Pl.'s Flagstar Opp'n Br. 13; Pl.'s CHS Opp'n Br. 12.) The Court, however, is not obligated to accept "assertions in a brief without support in the pleadings. After all, a brief is not a pleading." *Chavarriaga v. N.J. Dep't of Corr.,* 806 F.3d 210, 232 (3d Cir. 2015) (citing *Morrow v. Balaski,* 719 F.3d 160, 165 (3d Cir. 2013)). The Court, accordingly, dismisses Count Eleven of the Amended Complaint without prejudice.[4]

---

[4] The Court notes that the FDCPA excludes from the definition of "debt collector" "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person." *Estate of Coles v. Zucker, Goldberg & Ackerman,* 658 F. App'x 108 (3d Cir. 2016) (quoting 15 U.S.C. § 1692a(6)(F)(ii)). As pled, it appears that Flagstar was the originator of the mortgage. While the Court questions whether Plaintiff can allege facts to demonstrate that Flagstar does not fall within this statutory exemption, as this Plaintiff has not yet been given the opportunity to substantively amend its allegations, the Court still dismisses Count Eleven as to Flagstar without prejudice.

## IV. Conclusion

For the reasons set forth above, Plaintiff's motion to remand is DENIED. Flagstar's and CHS's motions to dismiss are GRANTED. Plaintiffs' request for leave to amend is GRANTED. An Order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
UNITED STATES DISTRICT JUDGE

Date: August 29th, 2018