**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

CARMINE TRENTO,

    Plaintiff,

v.

CARRINGTON HOME SOLUTIONS, LP, et al.,

    Defendants.

Civil Action No. 17-13185 (MAS) (DEA)

**MEMORANDUM ORDER**

This matter comes before the Court upon the Court's review of the docket in connection with Plaintiff Carmine Trento's ("Plaintiff") Motion to Remand Plaintiff's Second Amended Complaint. (ECF No. 61.) On August 29, 2018, the Court denied Plaintiff's Motion to Remand the First Amended Complaint and dismissed Counts Two, Five, Six, and Eleven without prejudice. (ECF No. 54.) In the accompanying Memorandum Opinion, the Court noted that if Plaintiff withdrew Count Eleven, a Fair Debt Collection Practices Act ("FDCPA") claim, and the defendants continued "to assert that the federal claim is the basis for jurisdiction, the Court may order the parties to show cause as to why the Court should exercise supplemental jurisdiction over the remaining claims." (Mem. Op. 5 n.3, ECF No. 53.) On September 21, 2018, Plaintiff filed the Second Amended Complaint. (Second Am. Compl. 1, ECF No. 57.) Plaintiff pled exclusively New Jersey common law or statutory law causes of action. (*See generally id.* ¶¶ 20-57.)

On October 2, 2018, Plaintiff filed the instant Motion to Remand. (ECF No. 61.) On October 5, 2018, Defendant Flagstar Bank ("Flagstar") filed a Motion to Dismiss seeking dismissal of the Second, Fifth, and Sixth Counts of Plaintiff's Second Amended Complaint. (ECF No. 62-1.)

On October 22, 2018, Plaintiff opposed Flagstar's motion. (ECF No. 64.) On November 9, 2018, Defendants JWD Landscaping & Property Preservation, Inc. and Qualified Eastern Services, LLC filed answers to Carrington Home Solutions, L.P.'s cross-claims. (ECF Nos. 66-67.) None of the Defendants opposed Plaintiff's Motion to Remand.

The Court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c). The Third Circuit has advised that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) (emphasis added). Plaintiff asserts that the Court's prior dismissal of the FDCPA claim and Plaintiff's decision not to replead the FDCPA claim "effectively dismissed [that claim] 'with prejudice' thereby protecting all Defendants from a re-assertion of such causes of action at a later date." (Pl.'s Moving Br. 5, ECF No. 61-2.) Plaintiff avers that this matter is "in its infancy, with no discovery having yet been exchanged between [the] parties." (*Id.* at 10.) Defendants have not proffered any affirmative justification for the Court to retain jurisdiction over this action and the Court cannot independently identify any such justification. The Court, accordingly, remands this action to the Superior Court of New Jersey, Law Division, Monmouth County.

For the foregoing reasons, **IT IS** on this 28th day of January, 2019, hereby ordered that:

1. This matter shall be remanded to the Superior Court of New Jersey, Law Division, Monmouth County.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE